**Supreme Court**
No. 2020-285-Appeal.

In re Kugel Patch.                    :

## O R D E R

This case stems from a dispute between attorneys who together represented numerous claimants in personal-injury lawsuits against the makers of a hernia repair patch.  The defendants, Steven M. Johnson and the Law Offices of Steven M. Johnson, P.C., d/b/a The Johnson Law Firm (collectively, Johnson), appeal from an order of the Superior Court denying their motion to stay proceedings pending the resolutions of two arbitrations in the State of Texas.  At issue in the Superior Court proceedings is another motion, filed by the plaintiff, John Deaton, to disburse legal fees arising from the lawsuits to which he claims he is entitled.

We briefly recount the complex travel of this case, which spans over ten years and has involved at least seven courts.  The defendants, a Texas-based attorney and law firm, represented hundreds of clients in personal-injury lawsuits against the Rhode Island-based manufacturer of a surgically implanted hernia repair product known as the Kugel Patch or Kugel Mesh.  Each of defendants' clients signed an Attorney Representation Agreement (ARA), which provides in part that "any dispute

- 1 -

arising from the interpretation, performance, or breach of [the agreement], including any claim of legal malpractice, * * * shall be resolved by final and binding arbitration conducted in" Texas. The ARAs further provide that clients shall pay their attorneys on a contingency basis and be represented by "associate counsel" at defendants' discretion and expense.

Deaton never signed and is not a party to the ARAs between defendants and their clients. He did, however, enter into agreements with defendants to represent, as local counsel, the 176 clients who filed their claims in the Providence County Superior Court, along with another client who sought relief in the United States District Court for the District of Rhode Island. The agreements provided that Deaton would receive a share of the contingency fees recovered under the ARAs.

Nearly six years after the parties entered into their first agreement, in 2014, a global settlement was reached in the Superior Court that resolved the universe of Kugel Mesh claims brought by Johnson's clients, including those in which Deaton was local counsel. The resulting settlement agreement provided not only that all disputes "arising under" or "relating to the subject matter" of the agreement "shall be filed only in the Superior Court of Rhode Island," but also that defendants and their "[c]o-[c]ounsel" would submit to the personal jurisdiction of that court and that the agreement would be governed by the laws of Rhode Island. The agreement further provided that defendants would file a motion in the Superior Court to

establish a Qualified Settlement Fund (QSF), which would serve as a repository for settlement awards and associated attorneys' fees. The agreement was signed by Steven M. Johnson on behalf of the Johnson Law Firm, but it was not signed by Deaton.

The 2014 global settlement appears to have suppressed one fire and ignited several others, including the dispute at the heart of this case. According to Deaton, Johnson negotiated the settlement without his knowledge; indeed, Deaton avers that he was unaware of the settlement until he contacted one of the clients for whom he served as local counsel. In October 2015, after what Deaton characterized as Johnson's "repeated failure" to respond to his inquiries about the settlement, plaintiff sent counsel for the Kugel Mesh defendants notice of a lien for $1 million in attorneys' fees related to his service as local counsel in the Kugel Mesh litigation. Weeks later, in November 2015, Johnson sent Deaton a letter discharging him, with cause, from the representation of their clients.

Then, on March 7, 2016, Deaton filed a motion in the Superior Court not only to compel Johnson to disclose both the settlement amount and the allocations for each case, but also to enforce a $1 million attorneys' lien on the settlement funds. The Superior Court heard Deaton's motion soon thereafter, along with a stipulation from Johnson and the Kugel Mesh defendants to establish a QSF. The resulting order established the QSF and required the QSF administrator to segregate $1

million of the settlement funds to be distributed only upon further order of the Superior Court. The order also provided that Deaton would receive the information about the settlement that defendants had withheld.

Meanwhile, two separate disputes over the parties' representation of their clients arose in the Texas state courts. The facts and travel of each dispute are intricate, but two points about them are relevant to this appeal. First, the resulting arbitrations are the same as those at issue in Johnson's motion to stay proceedings in the Superior Court. Second, a pair of state appellate courts in Texas held that Deaton was bound to the arbitration provisions of the ARAs, even though he was not a signatory to those agreements, because defendants had hired him to represent their clients pursuant to the agreements' terms. *See Deaton v. Johnson*, No. 05-16-01221-CV, 2017 WL 2991939, at \*3 (Tex. App. July 14, 2017); *Deaton v. Moreno*, No. 02-16-00188-CV, 2017 WL 4683940, at \*5 (Tex. App. Oct. 19, 2017).

Back in Rhode Island, in January 2020, Deaton filed in the Superior Court a motion to disburse to him the $1 million that had been segregated from the settlement funds as payment for attorneys' and other fees to which he claimed he was entitled under his agreements with Johnson. The defendants filed a motion to intervene, which the Superior Court granted, and then Johnson removed the disbursal motion to the United States District Court for the District of Rhode Island, which in turn granted Deaton's motion to remand. Now back in the Superior Court, Johnson filed

- 4 -

a motion to stay proceedings pending completion of the arbitrations in Texas. The Superior Court found that a stay was not required under the Federal Arbitration Act (FAA) or its state analogue, the Rhode Island Arbitration Act (RIAA), because "no written agreement to arbitrate exists between the parties." The Superior Court further declined to grant a discretionary stay.

On November 2, 2020, the Superior Court entered its order denying the motion to stay proceedings. Johnson filed a premature but valid notice of appeal on October 22, 2020. On September 15, 2022, Deaton moved to dismiss the appeal as moot because the arbitrations in Texas that defendants referenced in their motion to stay had concluded. According to Johnson, however, the appeal was not moot in part because Deaton had himself appealed from the final judgment confirming one of the arbitration awards, which appeal was still pending. This Court denied plaintiff's motion to dismiss on September 11, 2023.

It is clear to us that the circumstances in this case are far different now than on October 22, 2020, when the Superior Court issued its decision on Johnson's motion to stay. The two arbitrations in Texas have both concluded, final awards have been issued, and judgments have entered confirming both awards in their

entirety.[1]  Deaton has appealed from one such judgment, however, which appeal remains pending in the Court of Appeals for the Eleventh District of Texas.

In the motion to stay proceedings, which is the only matter under review by this Court, defendants prayed the Superior Court to "stay all proceedings relating to Attorney Deaton's Motion to Disburse, pending resolution of the [Texas] [a]rbitrations." Thus, it is clear that the appeal before us will become moot when the pending Texas appeal is resolved and any further appeals are exhausted.

In light of the current posture of these various proceedings, we deem it prudent to stay any further action on Deaton's motion to disburse until the remaining arbitration in Texas is finally resolved.[2]

We believe that such a stay will not unduly prejudice either party. A final resolution of the pending appeal is likely imminent. Moreover, the $1 million that Deaton seeks in his motion has been segregated in the QSF and may be disbursed only upon further order of the Superior Court. A stay at this point in time will best

---

[1] Final judgments were entered confirming the final arbitration awards in *Johnson v. Moreno*, JAMS Ref. No. 1310023937 (Mar. 29, 2022), *arb. award aff'd sub nom. Moreno v. Deaton*, No. 048-283747-16 (Tex. Dist. Ct. July 5, 2022); and *Patton v. Johnson*, JAMS Ref. No. 1310024255 (Aug. 13, 2021), *arb. award. aff'd Patton v. Johnson*, No. 4:19-cv-00698-O, 2022 WL 3012537 (N.D. Tex. June 23, 2022). *See Deaton v. Johnson*, No. 22-187WES, 2023 WL 3158933, at *9 n.1 (D.R.I. Apr. 26, 2023).

[2] We express no opinion, however, at this time as to what preclusive effect, if any, the arbitral proceedings may have on the issues that may later be raised in Superior Court.

- 6 -

facilitate the orderly allocation of the funds in the QSF, as well as the sensible use of judicial resources. Accordingly, it is hereby ordered:

1. The plaintiff's "Motion to Order Epiq Global, as Successor to Garretson Resolution Group to Disburse the March 11, 2016 Lien of One Million Dollars" is hereby stayed pending final resolution of the arbitrations in Texas;

2. The parties are directed to notify this Court of any further developments in the case docketed as *John Deaton and Deaton Law Firm, LLC v. Law Offices of Steven M. Johnson, P.C.*, No. 11-23-00126-CV, in the Court of Appeals for the Eleventh District of Texas.

3. The papers shall remain in the Supreme Court until further order of the Court.

Entered as an Order of this Court this   9th   day of July, 2024.

By Order,


/s/ Meredith A. Benoit, Clerk
_____
Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In re Kugel Patch. | |
| **Case Number** | No. 2020-285-Appeal.<br>(PC 08-9999) | |
| **Date Order Filed** | July 9, 2024 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ | |
| **Source of Appeal** | Providence County Superior Court | |
| **Judicial Officer from Lower Court** | Associate Justice Alice Bridget Gibney | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Lauren E. Jones, Esq. | |
| | For Defendants:<br><br>Michael Daly, Esq. | |